UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARVIN DAVEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:13-cv-0661-WTL-TAB |
| ) | |
| JENNIFER BARNES, NP, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment and
Directing Entry of Final Judgment**

Marvin Davey ("Davey"), who at all relevant times was an inmate confined at the Plainfield Correctional Facility ("Plainfield"), alleges that Nurse Practitioner Jennifer Barnes ("NP Barnes") violated his Eighth Amendment rights by cancelling his prescription for Vicodin without examining him on April 16, 2013.

Defendant NP Barnes has filed a motion for summary judgment in support of her affirmative defense that Davey failed to exhaust his available administrative remedies prior to filing this action. Davey has opposed that motion.

For the reasons explained in this Entry, the motion for summary judgment [dkt. no. 28] is **granted.**

### I.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."@ *Fed. R. Civ. P*. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving

party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

## II. Discussion

*A.    Undisputed Facts*

The administrative remedy available to prisoners regarding the conditions of their confinement at Plainfield is the grievance process. The grievance process begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the grievance response. If the offender receives no grievance response within twenty-five (25) working days of the day he submitted the grievance, he may appeal as though the grievance had been denied.

Exhaustion of the grievance procedure requires pursuing a grievance to the final step. Exhaustion of the grievance procedure also requires complying with the timing requirements for submitting formal grievances and appeals.

There is no record of Davey having filed any grievances during the time he was incarcerated at Plainfield. Davey mailed five grievances to Greivance Specialist Charles Penfold in Indianapolis, Indiana.

*B.    Analysis*

As noted above, Davey states under penalty of perjury that he mailed five grievances to Charles Penfold's office in Indianapolis, Indiana. He argues that "he was impeded by the grievance specialist, Mr. Charles Penfold, who deliberately withheld his grievances so his claim would be denied for failure to exhaust his administrative remedies." Plaintiff's Opposition to

Motion for Summary Judgment, Docket 40. Davey does not allege anything about the content of his grievances.

The Court notes that Grievance Specialist Charles Penfold is the custodian of all grievances at Plainfield, which is located in Plainfield, Indiana. It is not known based on this record whether his office is at Plainfield or in Indianapolis. Penfold's records, however, reflect that Davey filed no grievances during his incarceration at Plainfield.

Even accepting as true Davey's statement that he filed five grievances relating to his claim against NP Barnes (to which he received no response), the grievance policy requires that if no response is received within 25 working days, the inmate may appeal to Level Two as though his grievance had been denied. Davey does not allege, nor is there any evidence showing, that he filed any Level Two appeal concerning his claim against NP Barnes. Therefore, Davey did not complete the exhaustion process even if he did submit five Level One grievances.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Davey's action should not have been brought against NP Barnes and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *see also Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983.").

## III. Conclusion

For the reasons explained above, defendant NP Barnes' motion for summary judgment [dkt. no. 28] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/16/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Marvin Davey
1121 Cedarview Dr.
Jeffersonville, IN 47130